IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES HILYARD,

    **Petitioner,**

v.                                              Case No. 2:05-cv-127

                                                      **JUDGE MARBLEY**

**JAMES ERWIN, Warden,**                **MAGISTRATE JUDGE KING**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties.[1] For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice for failure to exhaust state court remedies.

## I. PROCEDURAL HISTORY

This case involves petitioner's October 24, 2004, no contest plea to two counts of sexual battery, in violation of O.R.C. §2907.03(A)(5). On December 23, 2004, petitioner was sentenced to an aggregate term of ten years incarceration. Exhibit A to Return of Writ. On January 24, 2005, petitioner filed a timely appeal. Exhibit B to Return of Writ. Such action apparently is still pending with the Fourth District Court of Appeals. Exhibit B to Return of Writ.

---

[1] Timothy P. Gleeson, the Vinton County prosecutor, and Jeff Gillespie, the warden of the Southeastern Ohio Regional Jail, were named by petitioner as respondents in this action, and therefore also filed a response to the petition. *See* Doc. No. 6. However, according to the respondent, James Erwin, the warden of the Chillicothe Correctional Institute where petitioner is currently incarcerated, is the proper respondent in this case.

On February 8, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States as follows:

> 1. Words of eleven year old child was all they had. Six months the child was in foster care, no DNA.
>
> Child was taken by children services [on] June 12, 2003. Caseworker told everyone there was only dental work needed. Everything else came back as good [sic]. Never allow[ed] to see kids without ccs there. Six months later put in jail on rape.

It is the position of the respondent that this action must be dismissed as unexhausted.

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Although the nature of petitioner's allegation is not entirely clear, the record fails to reflect that petitioner has presented such claim to the state courts. Assuming that petitioner's allegation

2

is readily apparent from the face of the record, before seeking federal habeas corpus review, petitioner must first present such claim to the state appellate and Ohio Supreme courts.[2]

Although this Court in its discretion may stay the proceedings of an unexhausted §2254 petition rather than dismiss such action in its entirety if it appears that the one-year statute of limitations under 28 U.S.C. §2244(d) may bar petitioner from refiling his petition, *see Rhines v. Weber*, 125 S.Ct. 1528, 1533-35 (2005); *Griffin v. Rogers*, 399 F.3d 626, 628 (6th Cir. 2005), citing *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), it does not appear in this case that a stay of proceedings would be appropriate. Apparently, the state court of appeals has yet to issue a ruling on petitioner's direct appeal.[3] Additionally, petitioner still must file an appeal to the Ohio Supreme Court. Further, there is no reason to conclude that petitioner thereafter would be unable to refile his habeas corpus petition in a timely manner.

> AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). This scheme reinforces the importance of Lundy's "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." 455 U.S., at 520, 102 S.Ct. 1198.
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a

---

[2] Claims that are not readily apparent from the face of the record would properly be raised in a petition for post conviction relief pursuant to O.R.C. §2953.21. Additionally, petitioner would need to file an appeal of any adverse decision to the state appellate and Ohio Supreme courts.

[3] It does not appear from the record before this Court whether appellate briefs have been filed.

3

> petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition....
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber, supra,* 125 S.Ct. at 1534-35.  The record in this case reflects neither good cause for petitioner's failure to exhaust state court remedies, nor the appearance of a potentially meritorious claim.  A stay under these circumstances would merely "prolong federal habeas review to no avail, contravening AEDPA's goal of 'finality and speedy resolution of federal petitions.'" *Neville v. Dretke*, – F.3d –, 2005 WL 2010049 (5th Cir. August 23, 2005), citing *Rhines v. Weber, supra*, 125 S.Ct. At 1535.

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 8, 2005                                            *s/Norah McCann King*
                                                                      Norah McCann King
                                                United States Magistrate Judge